Good morning. May it please the Court, my name is Raina Tanner, counsel on behalf of Petitioner Sergio Navarro-Ruiz. At this time, Your Honors, I would like to reserve one minute rebuttal. Sure. The issue in the present matter is whether pre-Ira-Ira, post-Ira-Ira law, or some combination of the two, govern Mr. Navarro's eligibility for discretionary relief. There are two points Petitioner would like to make today. First, it is well settled that the law that exists at the time Mr. Navarro pled guilty must be applied, where application of the law subsequent to the plea has an impermissible retroactive effect. And second, even a combination of the law pre- and post-Ira-Ira will allow Mr. Navarro the opportunity to seek relief from removal. Let me make sure I understand that last point. Are you trying to take advantage of a portion of the law that changed later and relate it back in the same proceeding? Is that what you're asking us to do? Well, yes, Your Honors. Primarily, I would petition to ask that pre-Ira-Ira law be applied. Well, I guess the question I'm really asking is, aren't you running head-on into our decision in Garcia-Jimenez that says that you can't do that in the same proceeding? Yes, in Garcia-Jimenez, the issue in that case, however, was that there was a 2,000 alien smuggling charge. In this case, both acts, both criminal acts that he pled guilty to, the controlled substance offenses, were pre-Ira-Ira. No, I think you're misunderstanding the import of my question. I thought we said in Garcia-Jimenez that you cannot, in essence, take advantage of both statutes in the same proceeding. Isn't that what you're asking us to do? Yes, Your Honor. In essence, I would urge the Court to reconsider the decision and look at Judge Pegersen's dissent. Well, notwithstanding the brilliant dissent that my colleague wrote in that case, aren't we bound by that? And we're another three-judge panel. So the only way that we could rule in your favor would be to call for en banc review, and an en banc court would have to overrule Garcia-Jimenez, unless you know of a way to do it any other way. I think that we're bound by the majority decision, are we not? Yes, in essence, Your Honor. I do believe that we are bound. The only distinguishing factor to be made is that, in this case, both acts were pre-Ira-Ira, and the act in Garcia-Jimenez was after Ira-Ira was enacted, the 2000 charge. But I guess that's what's confusing me, that you're trying to make a factual distinction, but it's a pure legal question, is it not? Yes, Your Honor, and the fact that simultaneous relief would have to be applied, it is. And, again, I urge this Court to reconsider that decision. Primarily, though, Petitioner would ask that pre-Ira-Ira be applied in this case. Because in this matter, Mr. Navarro has been a lawful permanent resident of the United States since 1984 for over 30 years. At the time he pled guilty, he has parents, U.S. citizens, parents, children, a wife, who are all qualifying relatives for purposes of relief. And at the time that he pled guilty, Mr. Navarro was eligible for 10-year suspension of removal, The 10-year suspension provision would have allowed Mr. Navarro to plead guilty to his crimes in 1995 and 1996, because both controlled substance convictions were pre-Ira-Ira. And in St. Cyr, the United States Supreme Court disallowed application of AEDPA and Ira-Ira to controlled substance convictions occurring before April 23rd of 1996. Therefore, his 1995 conviction would have been able to seek a waiver under 212C, and the issue becomes the August 8th of 1996 simple possession offense. But he didn't ask for 212C relief, did he? He asked for cancellation of removal. Your Honor, at the time of the 1997 initial proceeding, Mr. Navarro asked that pre-Ira-Ira law be applied, and the judge declined. And it went up to the Board of Immigration Appeals, and the Board remanded for 212C. At the second proceeding, Mr. Navarro asked for 212C and cancellation of removal because Garcia Jimenez had not been decided at that time. Subsequent to the denial by the immigration judge, it went back up to the Board of Immigration Appeals, at which time the Board of Immigration – the brief on appeals specifically states, Administrative Record at 6, that the reasoning in Hernandez v. Anderson should be applied in this case and pre-Ira-Ira law be allowed, and so the matter to be remanded back to the immigration judge to allow the immigration judge to consider the Hernandez v. Anderson decision and the application of pre-Ira-Ira law, which would have allowed Mr. Navarro to file a suspension of deportation application. Okay, but then by the time – I don't know whether it's the second or third merits hearing. This case has a very long procedural history. But by the time we got around to the final merits hearing, we did have the decision, did we not, in Garcia Jimenez? No, we did not. November 1st of 2006 was the final immigration judge decision, and Garcia Jimenez was decided in August of 2007. Okay, but didn't he ask for cancellation of removal before the statute actually became effective? I'm sorry, Your Honor? I thought that the statute had passed but not yet become effective when he asked for that relief. When he asked for cancellation of removal, yes, it was post-Ira-Ira, so yes, absolutely it was post-Ira-Ira. But the Garcia Jimenez decision was not yet issued, and simultaneous relief in the form of 212C and cancellation was still being requested at that time. And when it went up to the Board, again, days before the BIA brief was due, this Court issued its decision in Hernandez v. Anderson. And in that decision, this Court said that Judge Tallman wrote the opinion indicating that 10-year suspension of deportation would be allowed in pre-Ira-Ira matters, and that the 10-year suspension is essentially a start-time rule. And Mr. Navarro relied on his eligibility for relief at the time he pled guilty to that offense. In essence, the same event that stops time post-Ira-Ira started time pre-Ira-Ira. Therefore, a retroactive application of the law as it existed at the time of the plea is not acceptable under either St. Cyr, I.S. v. St. Cyr, or Hernandez v. Anderson. Prior to Ira-Ira, the waiver was under former Section 244A-2, and it specifically waived a controlled substance offense. It waived the aggravated felony. And all that was required was that the person have 10 years of continuous physical presence after the commission of the offense. Can you help me on the last issue in the case? You mentioned the waiver. And the problem I'm having is he is seeking to qualify for federal first offender treatment, but I thought we said in Becker v. Gonzales, which Judge Gould wrote, that the waiver merely waives the finding of deportability. It doesn't expunge the first conviction. Isn't that the law? Yes, Your Honor, and the waiver I was referring to in this case was the suspension of deportation. In essence, not necessarily a waiver, but a... Okay, then I apologize for moving you to that issue. But can you address that issue for me? Because I'm trying to figure out, in order to give you relief, how I can get around what I think is the clear controlling decision in Becker. Well, yes, we would, again, ask that the 212C waiver be used to allow the first offender act because of the issue of retroactive application in this case. In essence, just to inform the Court, that the motion to vacate was on appeal and was denied, and so the rehabilitative relief at this point has not yet been afforded. So if purposes for Federal First Offender Act treatment at this point, the cases have somewhat become moot. But that still doesn't help me with the issue of how we get around the fact that we have a request for first offender relief as a result of a second conviction. The only way to do it would be to get around Judge Gould's case and say that the 212C waiver, again, would waive the conviction for purposes of Federal First Offender Act treatment. Primarily, this case involves the retroactive application of law to a plea of guilty, pre-IRA-IRA, and that would be the issue I would request the Court to rule on in our favor. With that, Judge Gould, if I could ask a question. I don't have a strong recall of my opinion that's giving you a hard time, but would an in-bank court have to make that change? Because, again, our panel is without the power to overrule a precedent that I created. Even if I were to say, boy, I don't like it anymore, we should dump it. We really can't do that, right? Well, yes, Your Honor, and the only way to do that would be to allow the 212C to waive it completely for Federal First Offender Act treatment. It would be the only way to allow the Federal First Offender Act to be applied. Okay, thanks. I'm sorry I took you into time you had planned for your rebuttal, so I'll just keep quiet now.  In conclusion, Your Honors, I would just like to say that Mr. Navarro has been a permanent resident for 30 years with a strong U.S. citizen family and remanded to apply the law as it existed at the time of the plea, the law that he relied on, as requested. Thank you. Good morning. May it please the Court. Yamila Handiabar on behalf of the Respondent, the Attorney General. Petitioner, excuse me, this Court should dismiss the petition for review. Petitioner was convicted of two separate offenses. The first offense is a 1995 conviction for possession for sale of methamphetamine. The second conviction is a 1996 conviction for possession of methamphetamine. Both convictions predate the effective date of IRERA. However, the second conviction postdates the effective date of AEDPA, which removed 212C waivers from cases involving a controlled substance offense. Therefore, although Petitioner may obtain a 212C waiver for the first offense, he may not obtain a 212C waiver for the second offense. Under this Court's controlling precedent, he may not obtain a 212C waiver for the first offense and then cancellation or removal for the second offense. So maybe I didn't ask my questions of Ms. Tanner very clearly, but so in that second, as a result of that second conviction, are you saying that he couldn't ask for a 212C relief in light of that conviction because it occurred after 212C relief was eliminated? So at that point, his only hope would be to ask for cancellation of removal under Section 240A, which was not yet in effect. Correct, Your Honor. Petitioner cannot obtain a 212C waiver for the second offense because it falls under – that waiver was removed after AEDPA, which predates his second conviction. So the only way he could get relief would be through cancellation of removal, which at the time of that conviction didn't exist. Correct, Your Honor. And under this Court's controlling precedent in Garcia-Jimenez, the Court determined that 1229BC6 unambiguously makes cancellation of removal unavailable to aliens granted relief under 212C. So if he attains a waiver for his first conviction, he may not also obtain simultaneously cancellation of removal for his second conviction. Additionally, regarding the First Offender Act, petitioner – petitioner does not expunge the second conviction, as this Court stated in Becker, as the Board stated in Balderos, and as this Court also stated in Molina and Iskan. So petitioner cannot obtain federal First Offender relief for his second conviction of possession. Also, his first conviction was not eligible for First Offender relief because that's not a possession conviction. It was a conviction for possession for sale. Additionally, petitioner asserts that the application of IRERA has an impermissible retroactive effect in this case. Petitioner did not exhaust that argument before the Board, although petitioner did not apply for suspension of deportation before the immigration judge. Although he does mention suspension of deportation to the Board in his brief, he does not make any assertion that he is eligible for suspension of deportation. Therefore, that issue is not properly before this Court because petitioner has not exhausted his administrative remedies as of right. Alternatively, he was not eligible for suspension of deportation either at the time that he entered his plea or when IRERA became effective. He could not establish 10 years continuous physical presence following his 1995 conviction, and he could not establish 10 years of good moral character following his 1995 conviction. Accordingly, although there is a retroactive effect, it is not an impermissible retroactive effect. This case is not akin to Hernandez v. Anderson, where the petitioner had a settled expectation. Instead, it is akin to Valencia Alvarez. He has two convictions, felony convictions, involving methamphetamine, right? Yes, Your Honor. And those occurred, or the last one occurred in 1996. Yes, Your Honor. And that's, oh, 16 years ago, right? Does he have any record of convictions of any kind since then? I'm not familiar with petitioner's record of convictions since that time. He was found removable based on these two convictions. But he came here with his family when he was 6 years old. Yes, Your Honor. And he became a lawful permanent resident in 1984, and that's about 26 years ago, right? Yes, Your Honor. And he's married to a U.S. citizen. He has a U.S. citizen child. And all of his parents, his parents and his six siblings are all either U.S. citizens or LPRs, right? Yes, Your Honor. And the fact that he's led, as far as we know, a life without convictions, any convictions, whatsoever, since, what was that date again? I think it's 96. What? 1996. 1986. 96. There's nothing that can be done to help him. The petitioner has foreclosed from relief pursuant to the changes in IRERA. Additionally, the court's grinding president in Garcia Jimenez, he's found removable based on these two convictions, which are aggravated felonies and related to controlled substance. Is he working? I'm not familiar with his. Oh, that. with officials from ICE. Petitioner is free to seek ICE's joining, excuse me, DHS's joining in a motion to reopen. However, I will say that as an aggravated felon and convicted of controlled substance offense, these sorts of cases are a priority for the department in effectuating removal. I understand. All right. Thank you. In conclusion, the court should dismiss the petition for review. Thank you. I will give you another. We'll add a minute on to your 15 seconds. Okay. Thank you, Your Honor. Under the government's reasoning, no person could ever have qualified for suspension of removal under 244A2. The government argues that Mr. Navarro did not qualify at the time he pled guilty for the relief. There's no way to qualify for suspension at the time you plead guilty. It has to occur 10 years after. And Mr. Navarro, in fact, did qualify at the time of the immigration judge's decision. And to answer Judge Preggerson's questions, yes, Mr. Navarro is still working. He's now had three children, although he's lost two others to sober. How many children does he have? Three children now, Your Honor, and he's lost two, one stillborn and one in utero. He also takes care of his mother, who's a U.S. citizen, who's blind. He has three living children. Three living children now, yes, Your Honor. And he also supports his mother, who is now blind. She's a U.S. citizen and lives four doors down from her and takes care of his ailing father and several of his siblings. So no further questions.  Thank you very much. Thank you. This matter is submitted.
judges: Pregerson, Gould, Tallman